IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00847-REB-MJW

DONALD GENE SHAFFER,

    Plaintiff,

v.

ADAMS COUNTY SHERIFF'S DEPARTMENT,
DOUGLAS N. DARR, in his official capacity as acting Adams County Sheriff, and
GILBERT ABDULLA, in his official capacity as an Adams County Sheriff's Deputy and personally,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND DENYING WITHOUT
PREJUDICE DEFENDANTS' MOTION TO DISMISS**

**Blackburn, J.**

The matter before me is **Defendants' Motion for Summary Judgment and Motion To Dismiss** [#38], filed March 22, 2007. I grant the motion for summary judgment as to plaintiff's constitutional claims, deny without prejudice the motion to dismiss, and remand the state law claims.

## I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c);

***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Concrete Works***, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

On April 24, 2005, following an argument with his wife, plaintiff drove off from his home to get cigarettes.  Because plaintiff had been drinking earlier in the evening, his

wife, concerned for his safety, called 911 for assistance.  Adams County Sheriff's Deputy Gilbert Abdulla responded to that call.

Plaintiff returned home soon thereafter, and Deputy Abdulla pulled his vehicle into the driveway behind plaintiff's car.  Plaintiff asked Deputy Abdulla why he was there.  Deputy Abdulla stated that he was responding to a DUI call, which prompted plaintiff to curse toward the house, "You bitch, why did you call?"  Deputy Abdulla grabbed plaintiff forcefully and tried to maneuver him back toward the patrol vehicle.  Plaintiff then began to curse at Deputy Abdulla, accusing him in profane terms of abusing his authority.  Plaintiff continued to be verbally and physically combative as Deputy Abdulla attempted to restrain him.  Ultimately, Deputy Abdulla released his police dog, who bit plaintiff on the left biceps and assisted in bringing him to the ground, where he was finally restrained.  Plaintiff later pleaded guilty to assault in the third degree against Deputy Abdulla.

The Complaint asserts that defendants, acting with deliberate indifference to a substantial risk of harm, inflicted cruel and unusual punishment on plaintiff in violation of his rights under the Eighth and Fourteenth Amendments.  The Eighth Amendment claim is clearly a nonstarter, as the protections afforded by that constitutional guarantee do not attach until a person has been convicted of a crime.  ***Ingraham v. Wright***, 430 U.S. 651, 670-71 & nn. 38 & 40, 97 S.Ct. 1401, 1411-12 & nn. 38 & 40, 51 L.Ed.2d 711 (1977); ***Garcia v. Jefferson County, Colorado***, 687 F.Supp. 1498, 1500 (D. Colo. 1988).  The events giving rise to plaintiff's arrest patently do not implicate the Eighth Amendment.  With respect to the purported Fourteenth Amendment claim,

plaintiff presents neither argument nor evidence to suggest that defendants' conduct satisfies the standards of a constitutional claim for violation of substantive due process thereunder. Therefore, defendants are entitled to summary judgment as to plaintiff's Fourth Claim for Relief.

Similarly, plaintiff's Fifth Claim for Relief, entitled "*Respondeat Superior*," has no initial traction, as it is well-established that such is not a viable theory of liability under section 1983. **Monell v. New York Department of Social Services**, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Moreover, because claims of municipal and supervisory liability under section 1983 presuppose the existence of an underlying constitutional violation, **Webber v. Mefford**, 43 F.3d 1340, 1344-45 (10th Cir. 1994); **Hinton v. City of Elwood**, 997 F.2d 774, 782 (10th Cir. 1993), plaintiff's Sixth Claim for Relief, alleging that the Adams County Sheriff's Department and Sheriff Douglas Darr are liable for maintaining unconstitutional policies and failure to train, fails as well.

Rather than addressing these claims directly, plaintiff attempts to convince me that, contrary to the express language of the Complaint, what he actually has asserted is a claim of excessive force under the Fourth Amendment. He maintains that defendants "have had knowledge since day one that this was [his] claim," and that the Sixth Claim for Relief, alleging generally "violations of constitutional rights," encompasses a Fourth Amendment claim. (Plf. Resp. at 12.) The first of these assertions is irrelevant. Defendants are not required to be mind readers, but are entitled to rely on the allegations and averments of the Complaint as defining the

parameters of the lawsuit and of plaintiff's claims. The second is simply wrong. The Sixth Claim for Relief merely refers back to the prior asserted violations of the Eighth and Fourteenth Amendments. (***See* Complaint** at 7, ¶ 48 (alleging that the Adams County Sheriff's Department maintains a policy that "encourages and causes Constitutional violations by Adams County Deputies, *including the violations of Plaintiff's . . . Federal constitutional rights described above*") (emphasis added). Were plaintiff proceeding in this matter *pro se*, I would read his pleadings more liberally and, thus, might be persuaded that he had asserted a viable Fourth Amendment claim. But this Complaint was drafted and signed by an attorney, and plaintiff has been represented by counsel throughout this litigation. I, therefore, must presume that counsel asserted those theories of liability that were thought to be supported by the facts.

As for plaintiff's offer cure the deficiency of the Complaint by submitting "a more specific pleading" "should the Defendant or Court require," it is, proverbially, too little, too late. The deadline to amend pleadings in this case has long since expired. (***See* Scheduling Order** at 6, ¶ 7(a) [#14], filed July 7, 2006).) To date, plaintiff has not sought leave to amend his pleadings out of time to make manifest any latent Fourth Amendment claim,[1] even though he has been on notice since certainly no later than the filing of defendants' summary judgment motion – over six months ago – that his right to

---

[1] Nor is plaintiff's assertion of a putative Fourth Amendment claim in the Final Pretrial Order effective to assert or preserve such a claim. Not only have defendants preserved their objection to this improper attempt to belatedly amend the pleadings (*see* **Final Pretrial Order** at 2-3, ¶ 3(a) n.1 [#49], filed April 16, 2007), but I would not permit plaintiff, under the guise of merger of the pleadings, to manufacture out of whole cloth a claim neither asserted nor preserved in an original pleading.

pursue such a claim was in issue.  Moreover, it is highly unlikely that he would be permitted to amend at this juncture.  ***See Federal Insurance Co. v. Gates Learjet Corp.***, 823 F.2d 383, 387 (10th Cir. 1987) (court may deny leave to amend when "the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend").  Under those circumstances, I decline plaintiff's invitation to analyze the facts of this case under the Fourth Amendment.

Therefore, I find that plaintiff has failed to allege any viable claim for violation of his federal constitutional rights.  The putative section 1983 claims are the only bases supporting original federal jurisdiction in this case.  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state law claims.  ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it appropriate to do so here, and, thus, will remand plaintiff's remaining claims against Deputy Abdulla to the state district court from which this case was originally removed.

### IV.  CONCLUSION

I find and conclude that there are no genuine issues of material fact suitable for submission to a jury with respect to plaintiff's Fourth, Fifth, and Sixth Claims for Relief, and, therefore, grant defendants' motion for summary judgment as to those claims.  I remand plaintiff's First, Second, and Third Claims for Relief to the state district court for lack of supplemental jurisdiction, and, therefore, deny without prejudice defendant's motion to dismiss those claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion for Summary Judgment and Motion To Dismiss** [#38], filed March 22, 2007, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion for summary judgment is **GRANTED**;

3. That plaintiff's Fourth, Fifth, and Sixth Claims for Relief as asserted in the **Complaint** [#2], filed May 3, 2006, are **DISMISSED WITH PREJUDICE**;

4. That judgment **SHALL ENTER** on behalf of defendants, the Adams County Sheriff's Department, Douglas N. Darr, in his official capacity as acting Adams County Sheriff, and Gilbert Abdulla, in his official capacity as an Adams County Sheriff's Deputy and personally, and against plaintiff, Donald Gene Shaffer, on the Fourth, Fifth, and Sixth Claims for Relief asserted in the Complaint;

5. That defendants, the Adams County Sheriff's Department and Douglas N. Darr, in his official capacity as acting Adams County Sheriff, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly;

6. That defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**;

7. That the First, Second, and Third Claims for Relief asserted in the Complaint against Gilbert Abdulla in his personal capacity are **REMANDED** to the District Court of Adams County, Colorado (Case No. 2006CV459);

8. That **Plaintiff's Motion To Strike Corporal Jeff Meyer's Expert Testimony** [# 34], filed March 6, 2007, is **DENIED WITHOUT PREJUDICE AS MOOT**;

9. That **Defendants' Motion To Strike Plaintiff's Motion as Untimely** [#41], filed April 3, 2007, is **DENIED WITHOUT PREJUDICE AS MOOT**;

10.  That the Trial Preparation Conference set for Friday, October 26, 2007, at 9:00 a.m., as well as the jury trial set to commence on Monday, November 13, 2007, are **VACATED**; and

11.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated October 1, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**